### DEITZ v. DEITZ, appellant.

*Stay of proceedings — in action for divorce — former adjudication — Reference — will not be ordered without consent in divorce action.*

In an action for divorce, defendant answered denying the material facts of the complaint, and set up plaintiff's adultery, and that in a previous action for divorce between the same parties, a judgment had been refused on the ground of the adultery of both parties. Upon these facts and a petition and affidavit showing their truth, he asked that plaintiff be enjoined from prosecuting the action.

*Held*, that an issue of fact having been made, it must be tried in court and not by way of special motion, and the stay sought would not be granted.

An issue of fact in an action for divorce on the ground of adultery must be tried by a jury unless such trial is waived, and a reference therein can only be ordered when the consent of both parties has been secured.

APPEAL from an order at the special term denying a motion made by defendant for an order perpetually enjoining the plaintiff from prosecuting this action. The action was brought by Harriet Deitz against John G. Deitz, for a divorce on account of the adultery of the defendant. The material facts relating to this motion appear in the opinion by Mr. Justice DONOHUE, delivered at the special term, and which is as follows : " The present defendant brought an action in the superior court against the present plaintiff for divorce, and she regularly appeared and answered, denying the charge and setting up a countercharge. On reference on all the proofs, the referee found both parties guilty and dismissed the complaint. The present plaintiff (then defendant) files the bill to procure a divorce on the same facts as set up in her answer, adding other charges, and the present defendant sets up the decree of the superior court in bar, and asks the court to restrain the further prosecution of this suit. All he sets up is what is materially a plea in bar of former judgment, and I do not think, without an authority holding that such a case will not lie, the motion should

be granted. In my judgment, the facts show what would be an effectual bar, but I think it must be set up and passed on formally by the court, so that whatever action the court takes may be reviewed."

*Charles Jones*, for appellant. The judgment of the superior court is a bar to the action. *Embury* v. *Conner*, 3 N. Y. 511, 522, 523, and cases cited; *Smith* v. *Smith*, 4 Paige, 432; *Duchess of Kingston's case* and notes, 2 Smith's Lead. Cases, 573. Plaintiff's proceedings should be stayed; *Smith* v. *American Life Ins. & Trust Co.*, Clarke's Ch. 307; *Lane* v. *Clark*, id. 309; *Schell* v. *Erie Railway Co.*, 51 Barb. 368; 1 Barb. Ch. Pr. 619; *Dyckman* v. *Kernochan*, 2 Paige, 26.

*William H. Gale*, for respondent.

DANIELS, J. The defendant's motion for a perpetual stay of the plaintiff's proceedings was made upon the ground that in a previous action brought by the defendant against her in the superior court, she was found guilty of adultery herself and therefore not entitled to a divorce on account of the adultery of her husband. The fact of this preceding adjudication is alleged by way of defense by the defendant in his answer. And that will, when proven, entitle him to a judgment in his favor unless the plaintiff can relieve herself from its effect by proof of some other fact.

In her complaint she charges acts of adultery by the defendant committed since the issue was joined in the preceding suit. And she may possibly be able to entitle herself to a judgment in her favor if she can establish the truth of that charge and give such other proof as may be required for that purpose. Whether there is any probability that she may succeed in her action, notwithstanding the decision against her in the other case, it is not now necessary to consider. This is not the proper mode of determining that point. The law has provided and assigned a different course of proceeding for that purpose. The pleadings have resulted in a complete issue of fact, and the prescribed mode for trying that is not by way of special motion on petition and affidavit. That is by noticing and bringing the issue on for trial. The Code is explicit on this subject. Its provision is that "An issue of fact in an action for the recovery of money only or of specific real, or personal property, *or for a*

*divorce from the marriage contract on the ground of adultery* must be tried by a jury unless a jury trial be waived, or a reference be ordered." § 253. And a reference can only be ordered when the consent of both parties has been secured for it where the action is brought for a divorce. § 270. No other mode for trying and determining the issues joined in an action for divorce has been prescribed or sanctioned by the provisions of the Code regulating the mode in which civil actions are to be tried.

If the motion made by the defendant could prevail, every defense resting on a former adjudication could be tried by the court on special motion. That proceeding is only proper when an order is to be applied for, not when a judgment upon an issue of fact is what the nature of the case requires. If the application in this case could prevail, the principle sanctioning it could, with equal propriety, be so far extended as to include all defenses capable of being conclusively sustained by documentary proof.

The practice of the courts is against that mode of proceeding. And it has been rendered so by legislative action prescribing the manner in which issues of fact are to be tried and disposed of. The order appealed from was correct and it should be affirmed with $10 costs and the plaintiff's disbursements on the present appeal.

*Order affirmed.*